UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22168-CV-KING

MARIO SIMBAQUEBA BONILLA,

       Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

_____/

## ORDER DENYING SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendant United States Department of
Justice's Motion for Summary Judgment (DE #18), filed December 3, 2010.  Plaintiff
Bonilla filed a Response in Opposition to Defendant's Motion for Summary Judgment
January 4, 2011. (DE #21).

**I.**    **Background**

In his Complaint, Plaintiff alleges that he sought the release of certain records from
Defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and that
Defendant wrongfully withheld those records.  (DE #1). Plaintiff was convicted in 2009
of a variety of identity theft offenses,[1] and had requested records pertaining to the

---

[1] *United States v. Bonilla*, 579 F.3d 1233, 1237 (11th Cir. 2009).

prosecutors that worked on his case.[2] (DE #1 ¶ 11). The Executive Office for the United

States Attorneys ("EOUSA") claimed the records are exempt under §552(b)(6) and

(b)(7)(C) and refused to release them. (DE #1(2)). Section (b)(6) provides that

"personnel and medical files and similar files" are exempt from disclosure under FOIA

where disclosure "would constitute a clearly unwarranted invasion of personal privacy."

Section (b)(7)(C) creates an exemption for "records or information compiled for law

enforcement purposes, but only to the extent that the production . . . could reasonably be

expected to constitute an unwarranted invasion of personal privacy."

The Department of Justice's Office of Information Policy affirmed the denial of

Plaintiff's request. *Id.* The Court dismissed the Complaint on August 11, 2010,[3] but

ultimately granted Plaintiff's Motion for Reconsideration. (DE #16). In granting the

Motion for Reconsideration, the Court found that Defendant has the burden to prove the

requested records come within a FOIA exception, and that Defendant therefore must

come forward with evidence supporting its position. *Id.*; *United States Dept. of Justice v.*

*Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) ("FOIA expressly

---

[2]Specifically, Plaintiff requested "any and all written communication or electronic communication (E-mail) pertaining to himself" between several individuals and offices handling his case; all records pertaining to an individual prosecutor's withdrawal from the United State's Attorney's office; "any and all job applications to the U.S. Attorney's Office Appellate Section 3rd Circuit" in 2007; "any and all written or electronic (E-mail) communication pertaining to" an individual prosecutor between various individuals and offices within the Department of Justice; communication between the United States Attorney's Office in Miami and Microsoft Corporation; and any complaint filed against an individual prosecutor in the "public integrity section." (DE #1(2)).

[3]The Court initially found the records were exempt from disclosure under sections (b)(6) and (b)(7)(C), and that "Plaintiff did not demonstrate that the release of the information pertaining to third parties is in the public interest." (DE #16).

places the burden on the agency to sustain its action."). The Court ordered Defendant to submit a *Vaughn* index[4] or an affidavit to support its position that the requested records are exempt. (DE #16). Defendant filed the Motion for Summary Judgment now before the Court, supported by the Declaration of John F. Boseker (DE #18(1)), an Attorney Advisor in the EOUSA.

## II.    Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to establish the absence of a genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Tyson Foods, Inc.*, 121 F.3d at 646. Once the moving party has established the absence of a genuine issue of material fact, to which the nonmoving party bears the burden during trial, the nonmoving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Carrett*, 477 U.S. 317, 324 (1986).

## III.    Discussion and Analysis

A district court has jurisdiction in a FOIA action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly

---

[4]The *Vaughn* index, named after *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974), is a "system of itemizing and indexing that . . . correlate[s] statements made in the Government's refusal justification with the actual portions of the document." *Id.* at 827.

withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  "By its clear terms, FOIA

places on the courts the obligation to consider and resolve competing claims of privilege

and access, relegating the government to the role of furnishing evidence to rebut the

presumption of disclosure."  *Ely v. Fed. Bureau of Investigation*, 781 F.2d 1487, 1490

(11th Cir. 1986).  When reviewing the denial of a FOIA request, a trial court engages in a

"two-step inquiry: the court must determine that (1) the information was of the sort

covered by the relevant exception and *then* undertake (2) a balancing of individual

privacy interests against the public interest in disclosure that may reveal that disclosure of

the information constitutes a clearly unwarranted invasion of privacy." *Ely v. Fed.*

*Bureau of Investigation*, 781 F.2d 1487, 1490, n.3 (11th Cir. 1986) (internal quotations

and alterations omitted).  Furthermore, the trial court must have an "adequate factual

basis" for its initial determination that records are exempt under FOIA. *Stephenson v.*

*Internal Revenue Serv.*, 629 F.2d 1140, 1144 (5th Cir. 1980). The adequate factual basis

determination may be made by one of several methods: *in camera* review of the actual

documents, the *Vaughn* index, or detailed affidavits from agency officials "enumerat[ing]

the withheld documents and the statutory basis for each withholding." *Miscavige v.*

*Internal Revenue Serv.*, 2 F.3d 366, 366–7 (11th Cir. 1993); *see also Ely*, 781 F.2d at

1491.

## A. Sufficiency of Submitted Declaration

While affidavits alone may be sufficient to support summary judgment for a

government agency in a FOIA case, not any affidavit will suffice.  The affidavit must

"provide as accurate a basis for decision as would sanitized indexing, random or

representative sampling, *in camera* review, or oral testimony." *Miscavige*, 2 F.3d 366 at

368; *see also Florida Immigration Advocacy Ctr. v. Nat'l Sec. Agency*, 380 F. Supp. 2d

1332, 1338 (S.D. Fla. 2005) ("Summary judgment for the agency is proper if the

affidavits provide specific information sufficient to place the documents within the

exemption category.") (internal citations and quotations omitted). An affidavit that is

"conclusory, merely reciting statutory standards, or [that is] too vague or sweeping" is not

sufficient. *King v. Dept. of Justice*, 830 F. 2d 210, 219 (D.C. Cir. 1987). For example,

the affidavit held sufficient to support summary judgment by the Eleventh Circuit in

*Miscavige* "enumerated the withheld documents and stated the statutory basis for each

withholding." *Miscavige v. Internal Revenue Serv.*, 2 F. 2d 366, 367 (11th Cir. 1993).

By contrast, in *Stephenson v. IRS*, the Fifth Circuit vacated a summary judgment in a

FOIA case where the government's motion was supported only by an affidavit "which

described the withheld documents in fairly detailed but generic terms." *Stephenson,* 629

F.2d 1140, 1145 (5th Cir. 1980).[5]

The affidavit submitted in the instant case, the Declaration of John Boseker, does

not meet these standards. The Declaration explains Mr. Boseker's duties as an Attorney

Advisor for EOUSA, including making "final disclosure determinations on records

requested by an individual using the FOIA . . . to assure compliance with the provisions

of the FOIA." (DE #18(1)). It goes on to explain the agency's reasons for denying the

---

[5]Decisions of the United States Court of Appeals for the Fifth Circuit decided before the close of business on September 30, 1981 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981).

request, all of which are stated in the Motion for Summary Judgment. Accordingly, the Declaration does not offer the type of assistance to the Court that was approved by the Eleventh Circuit in *Miscavige*–it is not as helpful as "sanitized indexing, random or representative sampling, *in camera* review, or oral testimony." *Miscavige*, 2 F.3d at 368. It falls short of even "describing the documents in fairly detailed but generic terms," which the former Fifth Circuit held would not be sufficient to support summary judgment. *Stephenson*, 629 F.2d at 1145. In short, the Declaration does not provide the Court with any facts that would support a finding that the records requested by Plaintiff fall within a statutory exception from disclosure. *See Ely*, 781 F.2d at 1487, 1494 (reversing summary judgment where district court "took the government at its word that disclosure of . . . information was a violation of the statute's exemptions."). The Court therefore lacks an "adequate factual basis" to make such a finding, and summary judgment must be denied.

## B. Applicability of Categorical Balancing

Defendant argues that its "categorical withholding of these records is appropriate under the circumstances of this case." (DE #18 at 9). The United States Supreme Court has approved such categorical withholding in limited circumstances. "[C]ategorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction." *United States Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989).

In *Reporters Committee*, the Court held that FBI rap sheets compiled about private citizens represented such a one-sided balance. *Id.* at 780. That decision was based in

large part on the nature of FBI rap sheets, which contain biographical information and the full criminal history of the subject individual and are treated as confidential. *Id.* at 752. The Court found that a request for disclosure of private citizens' rap sheets containing no "official information" about a government agency, "but merely records that the Government happens to be storing," could be categorically denied because disclosure would not further the FOIA purpose of revealing "what the Government is up to." *Id.* at 780.

Here, Defendant has not met its burden of showing that the type of record requested by Plaintiff would not reveal any "official information" about a government agency, and is therefore appropriate for categorical withholding. Based on the record before it, the Court cannot find that this is a case where the balance "characteristically tips in one direction." Furthermore, without any explanation of the records at issue, it is likewise not clear that the records requested are protected under the Privacy Act, 5 U.S.C. § 552a *et seq*, as Defendant contends. *See* 5 U.S.C. § 552a(b) (providing that government agencies shall not disclose certain records pertaining to third parties without consent of the third party, but that the general rule is subject to the provisions of FOIA).

## IV.   Conclusion

After careful consideration of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(D.E. #18)** is **DENIED.** The dates for the pretrial conference and trial, as well as the deadlines for discovery and motion practice, will be set by separate

order of the Court.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 12th day of January, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

**Plaintiff**
Mario Simbaqueba Bonilla, Pro Se
Reg. No. 78997-004
Federal Detention Center Miami
P.O. Box 019120
Miami, Florida 33101

**Counsel for Defendant**
Carole M. Fernandez
Assistant U.S. Attorney
99 N.E. 4th St., Suite 300
Miami, Florida 33132

**Noticing AUSA**
Email: usafls-civ@usdoj.gov