UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22168-CV-KING

MARIO SIMBAQUEBA BONILLA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendant United States Department of Justice's Renewed Motion for Summary Judgment (DE #39), filed April 15, 2011. To support the Motion for Summary Judgment in this Freedom of Information Act case, Defendant submitted records to the Court for *in camera* review. The Court has carefully reviewed the records, and finds that summary judgment should be granted for Defendant.

**I.    Background**

In his Complaint, Plaintiff Bonilla alleges that he sought the release of certain records from Defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and that Defendant wrongfully withheld those records. (DE #1). Plaintiff was convicted in 2009 of a variety of identity theft offenses,[1] and requested records pertaining to the prosecutors that worked on his case.[2] (DE #1 ¶ 11). The Executive Office for the United States Attorneys

---

[1] *United States v. Bonilla*, 579 F.3d 1233, 1237 (11th Cir. 2009).

[2] Specifically, Plaintiff requested "any and all written communication or electronic communication (E-mail) pertaining to himself" between several individuals and offices handling his case;

1

("EOUSA") claimed the records are exempt under § 552(b)(6) and (b)(7)(C) and refused to release them. (DE #1(2)). Section (b)(6) provides that "personnel and medical files and similar files" are exempt from disclosure under FOIA where disclosure "would constitute a clearly unwarranted invasion of personal privacy." Section (b)(7)(C) creates an exemption for "records or information compiled for law enforcement purposes, but only to the extent that the production . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

The Department of Justice's Office of Information Policy affirmed the denial of Plaintiff's request. *Id.* The Court dismissed the Complaint on August 11, 2010,[3] but ultimately granted Plaintiff's Motion for Reconsideration. (DE #16). In granting the Motion for Reconsideration, the Court found that Defendant has the burden to prove the requested records come within a FOIA exception, and that Defendant therefore must come forward with evidence supporting its position. *Id.*; *United States Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) ("FOIA expressly places the burden on the agency to sustain its action."). The Court ordered Defendant to submit a *Vaughn* index[4] or an affidavit to support its position that the requested records are exempt. (DE #16). On

---

all records pertaining to an individual prosecutor's withdrawal from the United State's Attorney's office; "any and all job applications to the U.S. Attorney's Office Appellate Section 3rd Circuit" in 2007; "any and all written or electronic (E-mail) communication pertaining to" an individual prosecutor between various individuals and offices within the Department of Justice; communication between the United States Attorney's Office in Miami and Microsoft Corporation; and any complaint filed against an individual prosecutor in the "public integrity section." (DE #1(2)).

[3]The Court initially found the records were exempt from disclosure under sections (b)(6) and (b)(7)(C), and that "Plaintiff did not demonstrate that the release of the information pertaining to third parties is in the public interest." (DE #16).

[4]The *Vaughn* index, named after *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974), is a "system of itemizing and indexing that . . . correlate[s] statements made in the Government's refusal justification with the actual portions of the document." *Id.* at 827.

January 13, 2011, the Court denied Defendant's first Motion for Summary Judgment, finding that the affidavit relied on by Defendant was insufficient to constitute an "adequate factual basis" for a finding of exemption.[5] (DE #23).

Since that time, Defendant has conducted a search for the requested records, and submitted them for *in camera* review. Defendant also submitted the declaration of the Freedom of Information Act Paralegal Specialist for the United States Attorney's Office for the Southern District of Florida, who conducted the search. Relying on these submissions, Defendant now argues that the records are exempt under § 552(b)(6) (providing exemption from disclosure for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.").

## II.   Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to establish the absence of a genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Tyson Foods, Inc.*, 121 F.3d at 646. Once the moving party has established the absence of a genuine issue of material fact, to which the nonmoving party bears the burden during trial, the nonmoving party must go beyond the

---

[5]The Government submitted the Declaration of John F. Boseker to support its Motion for Summary Judgment. (DE #18-1). The Court found the Declaration insufficient because it merely explained Mr. Boseker's duties as an Attorney Advisor for EOUSA, and stated the agency's reasons for denying the request, all of which were already stated in the Motion for Summary Judgment. (DE #23). Accordingly, the Court found that "the Declaration does not provide the Court with any *facts* that would support a finding that the records requested by Plaintiff fall within a statutory exception from disclosure." (DE #23 at 6) (emphasis added).

pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Carrett*, 477 U.S. 317, 324 (1986). In FOIA cases, "an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements.'" *Florida Immigrant Advocacy Ctr. v. Nat'l Security Agency*, 380 F.Supp. 2d 1332, 1336–37 (S.D. Fla. 2005).

### III. Discussion and Analysis

#### A. FOIA Determinations, Generally

A district court has jurisdiction in a FOIA action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Under FOIA, records are "presume[d to be] subject to disclosure." *Ely v. Fed. Bureau of Investigation*, 781 F.2d 1487, 1490 (11th Cir. 1986). The Government agency resisting disclosure thus carries the burden of rebutting this presumption. *Id.* ("FOIA places on the courts the obligation to consider and resolve competing claims of privilege and access, relegating the government to the role of furnishing evidence to rebut the presumption of disclosure.").

When reviewing the denial of a FOIA request, a trial court engages in a "two-step inquiry: the court must determine that (1) the information was of the sort covered by the relevant exception and then undertake (2) a balancing of individual privacy interests against the public interest in disclosure that may reveal that disclosure of the information constitutes a clearly unwarranted invasion of privacy." *Ely v. Fed. Bureau of Investigation*, 781 F.2d 1487, 1490, n.3 (11th Cir. 1986) (internal quotations and alterations omitted). When conducting the first part of the inquiry, the trial court must have an "adequate factual basis"

for its initial determination that records are exempt under FOIA. *Stephenson v. Internal Revenue Serv.*, 629 F.2d 1140, 1144 (5th Cir. 1980). *In camera* review of the actual documents may supply the Court with this "adequate factual basis." *Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 366–7 (11th Cir. 1993); *see also Ely*, 781 F.2d at 1491 ("Our jurisprudence offers the trial court two alternate methods by which to make the adequate factual basis determination: *in camera* review; and the so-called '*Vaughn* index.'").

### B.     Adequacy of the Search for Requested Records

As a threshold matter, this Court finds the Department of Justice conducted an adequate search for the requested records. An agency's search for records under FOIA must be reasonable, but need not be exhaustive. *Ray v. U.S. Dept. of Justice*, 908 F. 2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds, U.S. Dept. of State v. Ray*, 502 U.S. 164 (1991). Under this reasonableness standard, "the agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." *Id.* (quoting *Miller v. United States Dept. of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). To make this showing, the agency "may rely upon affidavits, as long as they are relatively detailed and nonconclusory and submitted in good faith. The required level of detail sets forth the search terms and the type of search performed, and avers that all files likely to contain responsive materials (if such records exist) were searched." *Florida Immigrant Advocacy Ctr. v. Nat'l Security Agency*, 380 F.Supp. 2d 1322, 1344 (S.D. Fla. 2005) (internal quotations and citations omitted).

Here, the submitted affidavit meets these requirements. Defendant submitted the affidavit of the FOIA Paralegal Specialist for the United States Attorney's Office for the Southern District of Florida ("USAO"). The affidavit describes the search she conducted in

detail: the paralegal sent an office-wide email to all USAO personnel seeking responsive records, requested that the Assistant United States Attorney currently assigned to Plaintiff's criminal case to search that case file, contacted Human Resources, contacted the United States Attorney's Office for the Eastern District of Pennsylvania, and conducted an electronic search of documents, files, and email communications of Richard Boscovich using a number of search terms identified in the affidavit. The Court finds that this search was "reasonably calculated to uncover all relevant documents," and is therefore adequate under FOIA.

C.   **The Section 552(b)(6) Exemption**

The search for responsive records turned up only four documents, totalling seven pages. The first part of the Court's two-step inquiry is whether the records at issue come within a FOIA exemption. *Ely v. Fed. Bureau of Investigation*, 781 F.2d 1487, 1490, n.3 (11th Cir. 1986) (instructing courts to first determine if "the information was of the sort covered by the relevant exception").

In the instant Motion for Summary Judgment, the Department of Justice argues that these records are exempt from disclosure under FOIA Exemption 6, which exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). Exemption 6 is a "general exemption" that was "intended to cover detailed Government records on an individual which can be identified as applying to that individual." *United States Dept. of State v. The Washington Post Co.*, 456 U.S. 595, 602 (1982). The Supreme Court has explained that the nature of the information contained in the records is irrelevant—biographical data included in personnel records that is "not normally regarded as highly personal" is afforded the same protection as "intimate" information. *Id.* at 600–02 (rejecting appellate Court's interpretation

6

that Exemption 6 protects only highly personal or intimate information).

One of the documents submitted to the Court, titled "Notification of Personnel Action," is from the U.S. Office of Personnel Management. It contains the type of personal "information about a particular individual that is not intimate," but that the Supreme Court has explained is nonetheless exempt from disclosure under Exemption 6. *The Washington Post Co.*, 456 U.S. at 600. This record clearly falls within the exemption, and the Court finds the Government has met its initial burden as to this document.

The remaining three documents are reference letters from other Assistant United States Attorneys discussing the personal characteristics of Richard Boscovich. Although these letters discuss his performance as an Assistant United States Attorney in very general terms, none reference specific cases or procedures. The letters instead focus on his personality traits and other details of his personal life, and thus fit squarely within Exemption 6 as "similar files." The term "similar files" in Exemption 6 is broadly construed. *The Washington Post Co.*, 456 U.S. at 600 ("The phrase 'similar files' was to have a broad, rather than a narrow, meaning."). "The protection of Exemption 6 is not determined merely by the nature of the file in which the requested information is contained," and therefore, any files containing information similar to the type of information in personnel or medical files is thus exempt from disclosure. *Id.* at 601 (determining files containing passport information exempt under Exemption 6 because of similarity to personnel files). These documents, although not "personnel or medical files," nonetheless contain information similar to the information contained in those types of files. Thus, these documents contain "information . . . of the sort covered by the relevant exception," and Defendant has met its initial burden as to these three documents as well.

### D. Individual Privacy Interests versus Public Interest in Disclosure

The second prong of the Court's inquiry in FOIA actions is a "balancing of individual privacy interests against the public interest in disclosure." *Ely v. Fed. Bureau of Investigation*, 781 F.2d 1487, 1490, n.3 (11th Cir. 1986). The purpose of this balancing of interests is to determine whether disclosure would result in the "clearly unwarranted invasion of privacy" referenced in Exemption 6. *See* 5 U.S.C. § 552(b)(6).

#### 1. Individual Privacy Interest

The first question before the Court is whether Richard Boscovich's interest in the nondisclosure of the requested records is the type of "privacy interest" Exemption 6 protects. *See United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762 (1989). As an initial matter, Richard Boscovich's status as a former federal employee does not render his privacy interest in the subject records nonexistent or unimportant. *See, e.g., Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171 (2004) (finding "deceased's former status as a public official" does not "detract[] from the weighty privacy interests involved"); *Office of the Capital Collateral Counsel, N. Region of Fla. v. Dep't of Justice*, 331 F.3d 799, 803 (11th Cir. 2003) ("The fact that Cox was a public official . . . does not render her interest in preserving her personal privacy without weight.").

The Supreme Court has recognized a privacy interest "in avoiding disclosure of personal matters." *Reporters Committee*, 489 U.S. at 762. That privacy interest is implicated by records like FBI "rap sheets" containing descriptive information and a criminal activity history, *id.*, death scene photographs, *Favish*, 541 U.S. 157, and passport information, *United States Dept. of State v. The Washington Post Co.*, 456 U.S. 595 (1982). Richard Boscovich has a similar privacy interest in the documents at issue here. They reveal his colleagues'

8

personal opinions of him as a person and as a prosecutor. This is information that would not normally be publicly available, and involves the type of "personal matters" protected by Exemption 6. Furthermore, these records are clearly "Government records on an individual which can be identified as applying to that individual." *Washington Post Co.*, 456 U.S. at 602.

### 2. Public Interest in Disclosure

The public interest at issue in FOIA cases is "the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny." *Reporters Committee*, 489 U.S. at 772 (internal citations and quotations omitted). Thus, ordinarily, "the particular purpose for which the document is being requested" is irrelevant to the disclosure determination under FOIA. *Id.*

However, Plaintiff Bonilla claims that the public interest that would be served by disclosure here is the revelation of possible misconduct by the Department of Justice. (DE #21 at 16–20).[6] Where a requester seeks records to show impropriety by government officials, "the requester must produce evidence that would warrant belief that a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004). Here, Plaintiff's allegations of impropriety are pure speculation, and in fact have been found meritless by the presiding court in his criminal action. *United States v. Bonilla*, Case No. 07-20897-CR-HUCK (DE #91).

Furthermore, the purely personal matters contained in the records produced by

---

[6]Specifically, Plaintiff claims the public interest implicated by his records request is "knowing if federal prosecutors abide the standards of ethics, if federal prosecutors do not engage in illegal conflict [sic] of interest when prosecuting a criminal case, that a Federal prosecutor do [sic] not get illegal 'things of value' as a reward for a federal prosecution, and . . . the DOJ . . . fulfills its statutory duties of supervision." (DE #21 at 19–20).

9

Defendant fail to further even the broader purpose of FOIA, to inform citizens about "what their government is up to." *Reporters Committee*, 489 U.S. at 773. The information in the records "reveals little or nothing about an agency's own conduct," *id.*, and would thus "constitute an invasion of . . . privacy that is excessively disproportionate to the public interest at stake and is therefore clearly unwarranted." *Office of Capital Collateral Counsel v. Dept. of Justice*, 331 F.3d 799, 804 (11th Cir. 2003).

## IV. Conclusion

After a careful review of the record and for the foregoing reasons, the Court finds that the records requested by Plaintiff Bonilla from the Department of Justice are exempt from disclosure under FOIA. Therefore, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant United States Department of Justice's Renewed Motion for Summary Judgment **(DE #39)** is **GRANTED.**
2. The denial by the United States Department of Justice of Plaintiff's records request under the Freedom of Information Act is **AFFIRMED.**
3. The Clerk shall **CLOSE** this case.
4. All other pending motions are **DENIED as moot.**

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of July, 2011.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

*Plaintiff*
Mario Simbaqueba Bonilla, <u>Pro Se</u>
Reg. No. 78997-004
Federal Detention Center Miami
P.O. Box 019120
Miami, Florida 33101

*Counsel for Defendant*
Carole M. Fernandez
Assistant U.S. Attorney
99 N.E. 4th St., Suite 300
Miami, Florida 33132

**Noticing AUSA**
Email: usafls-civ@usdoj.gov